# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA
### PITTSBURGH

| | |
|---|---|
| DWAYNE L. RIECO, | ) |
| | ) |
| Plaintiff, | ) 2:23-cv-00103 |
| | ) |
| vs. | ) **ELECTRONICALLY FILED** |
| | ) |
| MICHAEL ZAKEN, MARK HAMMER, PHYSICIANS ASSISTANT; WILLIAM NICHOLSON, CHCA MEDICAL SUPERVISOR; ERIC HINTEMEYER, C/O 4, CAPTAIN OF SECURITY; SAYLOR, C/O 3; CRNP FETTERMAN, HEALTHCARE PROVIDER; AND BII STAFF JOHN/JANE DOE, | ) |
| Defendants. | ) |

**ORDER DENYING OBJECTIONS TO REPORT AND RECOMMENDATION (DOC. NO. 81)**

On February 22, 2024, the Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's claims against the Corrections Defendants be dismissed as frivolous pursuant to the screening provisions of 28 U.S.C. §1915A. (Doc. No. 74). In the alternative, the Magistrate Judge recommended that the Motion to Dismiss filed by the Corrections Defendants be granted and all claims against the Corrections Defendants be dismissed with prejudice. It was further recommended that the Motion to Dismiss filed by the Medical Defendants be granted and all claims against the Medical Defendants be dismissed with prejudice. It was further recommended that Plaintiff's motions for injunctive relief be denied as moot.

The Report and Recommendation was mailed to Plaintiff at his listed address of record and he was advised that any written objections to the Report and Recommendation must be filed

1

by March 11, 2024. (Doc. No. 74). With no objections having been received by that date, the Court filed a Memorandum Order adopting the Report and Recommendation (Doc. No. 77) and entered final judgment on March 12, 2024. (Doc. No. 78).

Approximately six hours after the Court entered final judgment, the Court received Plaintiff's Motion for Extension of Time to file objections. (Doc. No. 79). The Court granted the motion and extended the time for Plaintiff to file objections to April 18, 2024. The Court also vacated its final judgment order entered on March 12, 2024. (Doc. No. 80).

Plaintiff now has filed timely objections. (Doc. No. 81). When objections to a magistrate judge's report are filed, the court must conduct a de novo review of the contested portions of the report. *See Sample v. Diecks*, 885 F. 2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)). The de novo review is limited to the extent that a party's objections are both timely and specific; if objections are merely "general in nature," the court "need not conduct a de novo determination." *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984); *Batista v Walker*, 94-cv-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) (stating a district judge is permitted to adopt those sections of a magistrate judge's report to which no specific objection is made, so long as those sections are not facially erroneous). Indeed, the United States Court of Appeals for the Third Circuit has instructed that "providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process." *Goney*, 749 F.2d at 7.

Plaintiff's objections generally are not specific. Instead of identifying specific aspects of the report and recommendation which he believes are flawed, Plaintiff merely rehashes the arguments he made in response to the motions to dismiss, which arguments were discussed by the Magistrate Judge in the report and recommendation. For example, Plaintiff again requests

that the case be allowed to proceed to discovery and that an expert witness examine the merits of his evidence, namely his hair and food. He claims that the contaminated food he has been given has caused chromosomal mutations of his DNA as evidenced by the "blond and red hair strands coming out of his beard . . . and that he has [had] jet black hair all his life." Obj. at p 2. Those objections are "general in nature" and are, therefore, reviewed for clear error. Following an independent review of the record, the Court is satisfied that the report and recommendation contains no facially erroneous matters.

Plaintiff does, however, raise a specific objection with respect to the recommended dismissal of his First Amendment free exercise of religion claim. Obj. at p. 3. The Court has reviewed this objection de novo and agrees with the recommendation that this claim should be dismissed.

Thus, under both a clearly erroneous and de novo review, the Court finds that Plaintiff's objections do not alter the Court's opinion on the merits of Plaintiff's claims. Therefore, the Memorandum Order filed on March 12, 2024 (Doc. No. 77) remains in full force and effect. By separate filing, an Amended Judgment Order will issue.

**So ORDERED** this 24th day of April, 2024.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:   DWAYNE L. RIECO
      HU-2494
      SCI Greene
      175 Progress Drive
      Waynesburg, PA 15370
      (via U.S. First Class Mail)

      All Counsel of Record
      (via ECF electronic notification)